**SOUTHERN IRON & METAL COMPANY and Commercial Metals Company, Appellants,**

v.

**Joseph YAFFE, D/B/A Yaffe Iron and Metal Company, Appellee.**

No. 3922.

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Rehearing Denied Dec. 7, 1961.

King, Sharfstein & Rienstra, Beaumont, for appellants.

Tatum & Ball, Beaumont, for appellee.

WILSON, Justice.

Appellant purchased scrap copper from appellee under a written contract prepared by appellant which provided that shipments "are subject to weight and grading ascertained at receiving mill, yard or plant." Appellant typed into the contract form the words, "Consumers' weights and grades to govern final settlement."

Under the contract appellee shipped to appellant 30,000 pounds of scrap copper of grade or classification which made the total sales price thereof $13,115.16. These facts are found by the trial court and appellant says "the finding as to actual weight and classifications are not attacked on this appeal." The court further found that when appellant received the copper it "downgraded" it and weighed it incorrectly.

Under these findings and appellant's assent thereto, it becomes undisputed that the judgment rendered is based on the difference between the quantity and grade of copper delivered to appellant and what it claimed to have received. The effect of appellant's contention is that appellee is concluded by the grades and weights "ascertained" by appellant, under the contract, whether correct or not.

The court concluded as a matter of law that under the quoted provisions of the contract appellant "was entitled to make the final determination as to the grades and weights of the copper" received from appellee, but was bound, in making such determination, to act in good faith. The court found the determination was not so made, but was made arbitrarily, fraudulently and in bad faith. Appellant's attack on the judgment is directed exclusively to these latter findings, the points asserting there is no evidence, or insufficient evidence to support them.

We consider it unnecessary to pass upon these points, since they are based upon the premise that, absent bad faith, appellant was the final and conclusive arbiter of classification and weights under the contract, as the court concluded. That conclusion we regard as incorrect. The court made no express finding as to the meaning of the term "consumers'" which appellant employed in the provision that consumers' weights and grades would govern final settlement. Although appellant's evidence is that it means "purchaser", appellee's evidence is that in the scrap metal business the word means "the ultimate user of the scrap metal, and not one who simply buys scrap metal for resale", as did appellant.

In the contract appellant prepared it referred to and identified itself repeatedly and consistently by the word "buyer". When it employed the typed-in term "consumers'" it significantly used the plural possessive form. A consumer is one who "uses economic goods and so diminishes or destroys their utilities", and one who buys goods for re-sale is not a consumer, in the ordinary meaning of the term. 9 Words and Phrases Consumer, p. 12; and see Ex parte Mehlman, 127 Tex.Cr.R. 257, 75 S.W.2d 689, 690. Appellant's position, when its shortage in weight and grade were protested was that it did "not consider it our responsibility to deal with" appellee "on any complaints regarding weight or grading of material", under the terms of the contract, as settlement was required to be governed by grades and weights determined by it. The fact that the contract provided

shipments were "subject to" weight and grading "ascertained" at appellant's receiving yard becomes immaterial once the true weight and grade are determined without question, as they are under this record. Since "consumers'" did not refer to appellant, in our opinion the contract did not entitle it to make the "final determination" as to grade and weight so as to make necessary the findings complained of, and the judgment is fully supported by other findings not challenged.

If we are incorrect in the foregoing respects, in our opinion the evidence is adequate to support the findings complained of. Affirmed.